IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


|  |  |  |
|---|---|---|
| PET PRODUCT INNOVATIONS, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) | 11 C 7182 |
| v. | ) ) | Judge Virginia M. Kendall |
| THE PAW WASH, L.L.C., | ) ) | |
| Defendant. | ) | |


## <u>MEMORANDUM OPINION AND ORDER</u>


Pet Product Innovations brings the present Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), asking this Court to vacate in full its summary judgment Order of June 5, 2012. *See Pet Product Innovations, LLC v. Paw Wash, LLC*, No. 11 C 7182, 2012 WL 2022038 (N.D. Ill. June 5, 2012). Pet Product Innovations argues that this Court's Order of June 5, 2012 was defective for a number of reasons and thus requires that the Court vacate it in its entirety. In its Order of June 5, 2012, this Court granted Paw Wash's motion for summary judgment and held that the doctrine of *res judicata* barred Pet Product Innovations from maintaining its claims of non-infringement and invalidity against Paw Wash in this Court because the issues of infringement and

invalidity of the '391 Patent, the patent-in-suit, raised in this case were already adjudicated by a court of competent jurisdiction and reduced to final judgment. *See Pet Product Innovations*, 2012 WL 20222038 at *7. The Court also held that the injunction previously issued by the District Court for the Western District of Missouri enjoining Paw Plunger, LLC, Pet Product Innovations' privy, from manufacturing or selling its Paw Plunger product applied to Pet Product Innovations as well and therefore that Pet Product Innovations was likewise enjoined from manufacturing and selling the Paw Plunger device. *See Pet Product Innovations*, 2012 WL 20222038 at *2, *7 (citing *The Paw Wash, LLC v. Paw Plunger, LLC*, No. 08-0113-CV-W-GAF (W.D. Mo. Feb. 15, 2008)).

Pet Product Innovations attacks this Court's prior Order on numerous grounds. First, Pet Product Innovations contends that the dismissal of its claims that were not the subject of Paw Wash's summary judgment motion was an error of law. Second, it argues that failing to decide a pending motion to file a supplemental amended complaint before deciding Paw Wash's motion for summary judgment was also an error of law. Third, Pet Product Innovations contends that a substantial and controlling intervening change in the governing law alters the outcome of Paw Wash's summary judgment motion with respect to the issue of *res judicata*. Fourth, Pet Product Innovations argues that this Court neglected to follow controlling Federal Circuit precedent in ruling on its declaratory judgment claims of invalidity and non-infringement of the '391 Patent with respect to the issue of *res judicata*.

Fifth, Pet Product Innovations argues that the Court committed legal error by failing to follow controlling Federal Circuit precedent by enjoining it, consistent with the injunction issues by the District Court in Missouri against Pet Product Innovations' privy, from manufacturing and selling the Paw Plunger device. For the following reasons, Pet Product Innovations' Motion to Alter or Amend Judgment is granted in part and denied in part. The dismissal of Pet Product Innovations' claims that were not the subject of Paw Wash's summary judgment motion was a clerical error, and therefore the Court grants Pet Product Innovations' Motion with respect to that claim, and the case will be reinstated on Pet Product Innovations' third, fourth, and fifth claims for relief. All other claims advanced by Pet Product Innovations to Alter or Amend Judgment are denied.

## I. The Legal Standard

Pet Product Innovations brings its Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion must be brought no later than 28 days after the entry of judgment in a civil matter. *See* Fed. R. Civ. P. Rule 59(e). The Court entered judgment in this case on June 5, 2012, and the Plaintiff brought its Motion to Alter or Amend Judgment on July 3, 2012, exactly 28 days after the entry of judgment and in time for the Court to construe the instant Motion as arising under Rule 59(e).

Under Federal Rule of Civil Procedure 59(e) a district court may entertain "[a]

motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). Motions to alter or amend a judgment under Rule 59(e) are routinely referred to as motions for reconsideration. Motions to reconsider should be granted only in rare circumstances. *See Bank of Waunakee v. Rochseter Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) ("...the motion to reconsider should be equally rare."). A party moving for reconsideration bears a heavy burden. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A motion for reconsideration is not an appropriate vehicle for relitigating arguments that the court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration. *See Id*. Motions for reconsideration are utilized for a very limited purpose: to correct manifest errors of law or fact, to present newly discovered evidence, or where there has been an intervening and substantial change in the controlling law since the submission of the issues to the court. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd and adopted in relevant part*, 736 F.2d 388, 393 (7th Cir. 1984)).

A district court reviews its prior judgment under Rule 59(e) to determine whether "there exists a manifest error of law or fact so as to enable the court to correct its own errors

and thus avoid unnecessary appellate procedures." *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 847 (7th Cir. 1999) (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)); *see also Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). It is well-settled that a motion to reconsider is not a proper vehicle to advance arguments or legal theories that could and should have been made before the district court entered judgment or to present evidence that was available earlier. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)); *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247-248 (7th Cir. 1995); *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994). Instead, a Rule 59(e) motion must establish either a clear manifest error of law or fact, present newly discovered evidence, or present a significant change in the controlling law since the issues in the case were presented to the court for consideration and judgment. *See LB Credit Corp.*, 49 F.3d at 1267 (quoting *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). The decision to grant a Rule 59(e) motion lies in the sound discretion of this Court, and its ruling is reviewed deferentially and will only be disturbed upon a showing that the Court abused that discretion. *See Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir. 1991).

## II. Discussion

### A. Issues Outside the Scope of Paw Wash's Summary Judgment Motion

On June 5, 2012, this Court granted Paw Wash's motion for summary judgment and terminated the case. Paw Wash had only moved for summary judgment on Pet Product Innovations' claims of patent invalidity and non-infringement. It was the intention of this Court to only grant summary judgment in favor of Paw Wash as to those counts on which it moved for judgment as a matter of law.[1] The Court did not intend to grant summary judgement in favor of Paw Wash on Pet Product Innovations' third, fourth, and fifth counts for relief alleging claims of false advertising, as Paw Wash did not move for summary judgment on those claims. This Court's Order did not address those claims, and the Court did not state that it was entering summary judgment in favor of Paw Wash on those claims, nor dismissing them. It was a clerical error that the case was terminated after the Order granting summary judgment in favor of Paw Wash on the issues of non-infringement and

---

[1]Pet Product Innovations argues that it was premature of the Court to find the '391 Patent valid and enforceable because it timely served its invalidity contentions pursuant to the Court's scheduling order and its local patent rules. This is not grounds for reconsideration, as the doctrine of *res judicata*, which, as will be explained below, still bars Pet Product Innovations from maintaining its non-infringement and invalidity claims against Paw Wash, compels the Court to conclude that the Missouri court's finding of validity and enforceability of the '391 Patent is binding on the parties in this subsequent action. Therefore, it was entirely proper of the Court to invoke the doctrine of *res judicata* and find that the patent-in-suit is valid and enforceable.

invalidity was issued. Therefore, the case is reinstated and Pet Product Innovations may proceed on its false advertising claims against Paw Wash. Thus, Pet Product Innovations' Motion to Alter or Amend Judgment is granted on this single issue; the Court should not have accidentally terminated its false advertising claims and should have only granted summary judgment in Paw Wash's favor on those counts for which it moved for judgment as a matter of law—which was the intention of this Court as is clearly demonstrated and evidenced by its Order of July 5, 2012. *See Pet Product Innovations*, 2012 WL 20222038 at *7.

Pet Products Innovations also argues that it was legal error for the Court to grant summary judgment in favor of Paw Wash while there was a motion to file a supplemental amended complaint pending before the Court. The motion to file a supplemental amended complaint was filed after Paw Wash moved for summary judgment against Pet Product Innovations on non-infringement and invalidity with respect to the Paw Plunger device. (Doc. 41). In the motion to file an amended complaint, Pet Product Innovations requested leave to add a single count for a declaration of non-infringement of the patent-in-suit based on Plaintiff Zeus's recent offers for sale of another canine footbath product. Pet Product Innovations cites no legal authority for the proposition that it is inappropriate for a court to decide a motion for summary judgement while a later-filed motion to file a supplemental complaint is pending. In any event, there is no need in the present case for Pet Product Innovations to amend its Complaint to include another product, "the Paw Clean," in this

litigation. Paw Wash provided Pet Product Innovations with a covenant-not-to-sue, thus divesting this Court of jurisdiction over any such claim. *See Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1345-1348 ("a covenant not to sue for patent infringement. . .eliminates any case or controversy between the parties"). Because the issues on summary judgment were the invalidity and non-infringement of the '391 Patent covering the Paw Plunger, it was not an error to decide the motion for summary judgment without first deciding the later-filed motion to file a supplemental amended complaint for a declaration of non-infringement of an entirely different product. Because of the covenant-not-to-sue that Paw Wash has provided to Pet Product Innovations, the motion to file a supplemental amended complaint is moot because the claim that Pet Product Innovations sought leave to add was for non-infringement only and therefore the covenant divested the Court of jurisdiction over the claim for lack of an existing case or controversy.[2]

## B. *Intervening Change in the Law*

Pet Product Innovations contends that the Federal Circuit's recent decision in *Aspex*

---

[2]Pet Product Innovations contends that this Court made inaccurate findings of fact by stating that the Paw Plunger and the Paw Wash device are both cylindrical containers lined with bristles. The Court was left with the responsibility to describe the products at issue in this suit because surprisingly neither party did so in their Statements of Undisputed Material Facts. The Court's description of the products did not constitute adjudicative factfinding, and therefore the Order is not subject to reconsideration on the basis that the Court may have misdescribed the products-in-suit. For the sake of the clarity of the record, the Court now notes that the Paw Wash product is an hourglass shaped container without bristles or a handle. This clarification of the Court's Order does not alter the Court's prior holding, and thus is not grounds for reconsideration.

*Eyewear v. Marchon Eyewear, Inc.*, 672 F.3d 1335 (Fed. Cir. 2012), which was issued after the parties' period for briefing the motion for summary judgment in this case had passed, represents a significant and controlling change in the law with respect to *res judicata* as to patent claims and therefore requires the Court to vacate its prior *res judicata* holding. Pet Product Innovations argues that *Aspex* holds that *res judicata* cannot be applied in a second patent infringement suit where the products at issue in the second suit were made and sold only after initiation of the first suit. In *Aspex* the Federal Circuit did hold that *res judicata* does not bar an action with respect to accused products that were made or sold after the patentee's earlier actions against the same competitors alleging infringement of the same patent. *See Id.* at 1342 (citing *Young Eng'rs, Inc. v. U.S. Int'l Trade Comm'n*, 721 F.2d 1305, 1316 (Fed. Cir. 1983) ("With respect to patent litigation, we are unpersuaded that an 'infringement claim,' for purposes of claim preclusion, embraces more than the specific devices before the court in the first suit."); *Cordis Corp. v. Boston Scientific Corp.*, 635 F. Supp. 2d 361, 369-370 (D. Del. 2009) (claim preclusion will not bar a second suit for damages for conduct occurring after the first judgment); *Williams v. Gillette Co.*, 887 F. Supp. 181, 183-185 (N.D. Ill. 1995) (because second lawsuit seeks damages only for infringement after the dismissal of the first, it is not barred by res judicata); *MGA, Inc. v. Centri–Spray Corp.*, 699 F. Supp. 610, 614 (E.D. Mich. 1987) ("if the plaintiff claimed that different products infringed the patent in suit, the prior adjudication would not act as a bar to the subsequent

claim")).  The court held that "in order for a particular claim to be barred, it is necessary that the clam either was asserted, or could have been asserted, in the prior action.  If the claim did not exist at the time of the earlier action, it could not have been asserted in that action and is not barred by *res judicata*."  *See Aspex*, 672 F.3d at 1342.  The court held that infringement suits against products that were made and sold after an earlier action was brought are not barred by *res judicata* in subsequently filed suits even where the design of the products are essentially the same as the design of the products that were the subject of prior actions.  *See Id*.  Thus *Aspex* stands for the rather unremarkable proposition that *res judicata* does not bar a patentee from instituting a second infringement action against an adjudged infringer where that party develops and sells a new infringing product after resolution of an earlier lawsuit.  Indeed, *Aspex* rested its analysis on what it described as "well-settled principles" of law.  *See Id*. at 1342-1343 (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322 (1955) (a prior judgment "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case"); *Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11th Cir. 1992) (res judicata does not bar claims for conduct occurring after judgment); *Blair v. City of Greenville*, 649 F.2d 365, 368 (5th Cir. 1981) (res judicata "does not. . . bar a suit based on acts of the defendant that have occurred subsequent to the final judgment asserted as a bar"); *Kilgoar v. Colbert Cnty. Bd. of Educ.*, 578 F.2d 1033 (5th Cir. 1978) (claims based on conduct

transpiring after the close of prior litigation were not precluded by res judicata even though earlier litigation involved the same kind of conduct)).  As such, *Aspex* does not represent a significant and controlling change in the law governing the issues submitted to the Court in this case.

Pet Product Innovations argues that Paw Wash, the party asserting *res judicata*, bore the burden of proof on that issue and that it failed to present any evidence that the Paw Plunger device that was the subject of the declaratory judgment action filed in this Court was manufactured and sold prior to February 15, 2008, the date that Paw Wash filed suit against Paw Plunger, LLC in the District Court for the Western District of Missouri.  This argument is based on the flawed premise that Pet Product Innovations' device is different from the one originally sold by Paw Plunger, LLC.  In briefing its motion for summary judgment Paw Wash established that the Paw Plunger device originally sold by Paw Plunger, LLC is the same device now manufactured and sold by Pet Product Innovations. Accordingly, the Court found that the two devices are the same.  The Court determined that Pet Product Innovations admitted that "[u]sing the assets it obtained from Paw Plunger, LLC, Pet Product Innovations *continues* to manufacture and sell *the same infringing Paw Plunger device earlier sold by Paw Plunger, LLC*."  *Pet Product Innovations*, 2012 WL 20222038 at *2 (emphasis supplied).  Pet Product Innovations also failed to dispute, and thus admitted, the fact that "[t]he factual and legal issues raised in plaintiffs' current

declaratory judgment action—namely the validity of the '391 Patent and infringement by the 'Paw Plunger' device—*are identical to those already litigated* in Paw Wash's earlier case against Paw Plunger."  (Pet Product Innovations' Rule 56.1 Response to Paw Wash's Statement of Undisputed Material Facts ¶ 26) (emphasis supplied).[3]  Based on these facts it is undisputed that Pet Product Innovations' Paw Plunger is the same Paw Plunger that was at issue in the Missouri litigation.  Pet Product Innovations' argument that Paw Wash has failed to sustain its burden of proof on this issue is thus controverted by the record.

Pet Product Innovations is trying to use the decision in *Aspex* as a way to relitigate infringement of the Paw Plunger device; an issue that was already litigated and reduced to a final judgement by a court of competent jurisdiction.  *Aspex*, 672 F.3d at 1343, holds that "when a party that has had a full and fair opportunity to litigate an issue and has lost on that issue, it may not relitigate that issue in a later case."  *See also Hallco Mfg. Co., Inc. v. Foster*, 256 F.3d 1290, 1297-1298 (Fed. Cir. 2001) (when a device is determine to infringe in a prior suit, the issues of infringement and validity brought in a second infringement suit are barred by the previous proceedings).  This is a clear statement describing  the doctrine

---

[3]Pet Product Innovations argued in its Response to Paw Wash's Rule 56.1 Statement of Undisputed Material Facts in Support of Summary Judgment that this is not a fact but rather a legal conclusion.  Pet Product Innovations' argument is mistaken, as whether the factual and legal issues raised in its suit against Paw Wash are the same as those already litigated in Missouri is a fact readily ascertainable from examining the complaint filed in the District Court for the Western District of Missouri with the Complaint filed in this case as well as the Stipulated Order of Dismissal entered by the Missouri court.

of *res judicata* as it applies to patent infringement and invalidity suits.

Pet Product Innovations' privy, Paw Plunger, LLC, had a full and fair opportunity to litigate infringement and validity of the '391 Patent in the Missouri action. It elected to settle the lawsuit by admitting infringement and entering into a settlement agreement with Paw Wash. *See The Paw Wash, LLC v. Paw Plunger, LLC*, No. 08-0113-CV-W-GAF (W.D. Mo. Feb. 15, 2008). Pet Product Innovations chose to purchase Paw Plunger, LLC's assets, notwithstanding Paw Plunger, LLC's admission of infringement of Paw Wash's patent. It is improper for Pet Product Innovations to now try to relitigate those infringement and validity issues through serial litigation, first by seeking declaratory relief from this Court and now by seeking reconsideration of the Court's Order granting summary judgment to Paw Wash on the issues of non-infringement and invalidity through the misuse of the *Aspex* decision. For these reasons, Pet Product Innovations' Motion to Alter or Amend Judgment is denied with respect to its argument that *Aspex* represents a substantial and controlling change in the law governing the issues submitted to the Court requiring that the Court vacate its prior *res judicata* holding.

### C. The Court's Res Judicata Analysis

Pet Product Innovations argues that the Court improperly conducted the *res judicata* analysis by failing to determine whether the Paw Plunger device that was determined to infringe in the Missouri litigation is essentially the same as the Paw Plunger device at issue

in the present suit. This argument is without merit, as the Court relied on evidence offered by Paw Wash, and admissions made by Pet Product Innovations, to determine that the two devices are the same. Pet Product Innovations admits that *res judicata* will apply to its claims for non-infringement and invalidity if its Paw Plunger device is determined to be "essentially the same" as the accused device at issue in the Missouri suit. *See* Pet Product Innovations' Memorandum in Support at 6 (citing *Accumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008); *Foster v. Halco Mfg. Co., Inc.*, 947 F.2d 469, 479-490 (Fed. Cir. 1991); *Halco Mfg. Co., Inc.*, 256 F.3d at 1297). It is worth noting that Pet Product Innovations' admission is in tension with its argument based on *Aspex*. On the one hand, Pet Product Innovations argues that *Aspex* requires that the doctrine of *res judicata* cannot apply in this case, while on the other it relies on *Accumed* to argue that *res judicata* applies where the product at issue in a prior suit is "essentially the same" as the product at issue in a subsequent suit. Nevertheless, Paw Wash submitted evidence which this Court credited that establishes that the product at issue in the Missouri suit is the same as the product at issue in the instant suit. ("Using the assets it obtained from Paw Plunger, LLC, Pet Product Innovations continues to manufacture and sell *the same infringing Paw Plunger device earlier sold by Paw Plunger, LLC.*" *Pet Product Innovations*, 2012 WL 20222038 at *2 (emphasis supplied)).

Pet Product Innovations faults the Court for failing to compare the structure and

operation of the respective products to determine whether any differences between the devices are related to the limitation of the claim of the patent. However, it was unnecessary for the Court to compare the actual structure of the two Paw Plungers because there was ample evidence in the record to establish that the two devices are the same. *See Halco Mfg. Co.*, 256 F.3d at 1297 (the district court must only compare the products to ascertain whether there is any colorable difference between them or whether they are essentially the same, in which case *res judicata* applies); *see, e.g.,* Injunction Order at 4-5 (Doc. 20-3).

It is troubling that Pet Product Innovations would admonish this Court for failing to adequately compare its Paw Plunger product to the one at issue in the Missouri lawsuit given the complete and total lack of evidence offered by Pet Product Innovations to support its assertion that various Paw Plunger models exist. Pet Product Innovations' argument with respect to this issue was so deficient that both Paw Wash and this Court were left simply to guess as to how Pet Product Innovations' alleged Paw Plunger I, II, and III devices differed from one another. As Paw Wash previously explained, the Paw Plunger I, II, and III designations do not appear on the pawplunger.com website, and were likely invented solely for the purpose of manufacturing a disputed issue of material fact to avoid summary judgment in Paw Wash's favor. Indeed, Pet Product Innovations never admitted to using the Paw Plunger I, II, and III designations to refer to different sizes of the

Paw Plunger device until it filed the present Motion to Alter or Amend Judgment. *See* Pet

Product Innovations' Memorandum in Support at 7 n.4. Pet Product Innovations'

admission confirms the Court's speculation in its prior Order that the Paw Plunger I, II, and

III designations merely refer to different sizes of the Paw Plunger device, and that Paw

Wash adequately demonstrated that the products are essentially the same and that any

differences between them do not relate to the limitations in the claim of the patent. *See Pet*

*Product Innovations*, 2012 WL 20222038 at *2 n.5 (citing *Roche Palo Alto LLC v. Apotex, Inc.*,

531 F.3d 1372, 1379 (Fed. Cir. 2008)).

It is likely that Pet Product Innovations withheld this information because it was

aware that mere changes in size would not prevent the application of *res judicata* to its

claims. *See Nystrom v. Trex Co., Inc.*, 580 F.3d 1281, 1286 (Fed. Cir. 2009) (mere colorable

changes in a product's design, such as changes in color or the wood grain used, will not

prevent *res judicata* from barring a subsequent suit based on the same product). Nothing

in Claim 17 of the '391 Patent—which is the claim that Paw Plunger, LLC admitted to

infringing—places any size requirements on an infringing device. Instead Pet Product

Innovations tried to obfuscate what its various "product versions" referred to in the hope

that in so doing the Court would find a disputed issue of material fact and deny Paw

Wash's motion for summary judgment. It is improper for Pet Product Innovations to try

to rely on its own failure to counter Paw Wash's proof that the products are essentially the

16

same and that any differences between them do not relate to the limitations in the claim of the patent or its failure to present evidence of structural or operational differences between the products as a basis for altering this Court's previous Order. Based on the record established in this case, the Court properly concluded that Pet Product Innovations' Paw Plunger is the same device as that which was at issue in the Missouri litigation between Paw Wash and Paw Plunger, LLC, and that Paw Wash carried its burden to establish this fact. In light of this finding, it was entirely appropriate for the Court to apply the doctrine of *res judicata* to preclude Pet Product Innovations' claims of non-infringement and invalidity against Paw Wash. *See Acumed*, 525 F.3d at 1324; *Hallco*, 256 F.3d at 1297-1298. For these reasons, the Court will not reconsider its *res judicata* analysis and the doctrine continues to bar Pet Product Innovations' claims of non-infringement and invalidity against Paw Wash in the proceedings before this Court.

### D. The Injunction as Applied to Pet Product Innovations

Pet Product Innovations argues that it was legal error for the Court to hold that the injunction entered in the Missouri case applies to Pet Product Innovations because the Court did not perform the analysis set forth in *Tivo Inc. v. EchoStar Corp.*, 646 F.3d 869, 881-882 (Fed. Cir. 2011), and therefore the Court should vacate the injunction entered against Pet Product Innovations. In its original Opinion the Court relied on *Nat'l Spiritual Assembly of the Baha'is of the United States Under the Hereditary Guardianship, Inc. v. Nat'l Spiritual*

*Assembly of the Baha'is of the United States*, 682 F.3d 837, 848-849 (7th Cir. 2010), which holds

that injunctions may be enforced against non-parties that are in privity with an adjoined

party. Pet Product Innovations argues that *Nat'l Spiritual Assembly of the Baha'is* is a

trademark case, and provides no guidance as to the standards for enforcing an injunction

against an accused patent infringer. Pet Product Innovations' Motion to Alter or Amend

should be rejected outright with respect to this issue because Pet Product Innovations had

the opportunity to present this issue to the Court on summary judgment but failed to do

so. *See Sigsworth*, 487 F.3d at 512 (citing *LB Credit Corp.*, 49 F.3d at 1267); *Caisse Nationale

de Credit Agricole*, 90 F.3d at 1270; *Anderson*, 47 F.3d at 247-248; *King*, 26 F.3d at 726.

Reconsideration is an inappropriate vehicle to advance arguments that could and should

have been made before the Court reached a judgment in the case presently under

reconsideration. *See Sigsworth*, 487 F.3d at 512 (citing *LB Credit Corp.*, 49 F.3d at 1267); *Caisse

Nationale de Credit Agricole*, 90 F.3d at 1270; *Anderson*, 47 F.3d at 247-248; *King*, 26 F.3d at

726. Pet Product Innovations should have advanced its *Tivo* argument when it filed its brief

in opposition to Paw Wash's motion for summary judgment. Therefore, reconsideration

on an issue that should have been advanced by Pet Product Innovations before the Court

issued its prior Order is inappropriate.

Even if the Court were to consider Pet Product Innovations' *Tivo* argument, it must

be rejected because *Tivo* does not apply to the present case, and even if it did the *Tivo*

analysis would still result in the injunction being applied against Pet Product Innovations.

First *Tivo* is inapposite to the present case because *Tivo* involved a contempt proceeding initiated against an adjudged infringer for violating an injunction through its sale of an ineffective design-around product. *See Tivo*, 646 F.3d at 875-876. *Tivo* does not apply to the instant case because the instant case neither involves a contempt proceeding nor a design-around product. The *Tivo* test provides for an intentionally high showing of proof due to the fact that "contempt is a severe remedy, and should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct" and because the proceeding involves a second product not previously before the Court. *See Id*. at 882-883. By contrast, the relief sought by Paw Wash in this case is far less complex; application of an injunction entered against Paw Plunger, LLC to its privy, Pet Product Innovations.

Furthermore, even if the *Tivo* two-part test were to apply, Pet Product Innovations would still be bound by its privy's admission of infringement and it would thus be precluded from arguing that the Paw Plunger does not infringe the '391 Patent and the injunction issued by the Missouri court would apply to it. Under *Tivo*, 646 F.3d at 884, the party seeking to enforce an injunction must prove by clear and convincing evidence both (1) that the newly accused product is not more than colorably different from the product found to infringe; and (2) that the newly accused product actually infringes. As the discussion in the preceding sections demonstrates, Paw Wash proved that Pet Product

Innovations' Paw Plunger is not more than colorably different from Paw Plunger, LLC's Paw Plunger device that was declared to infringe Paw Wash's patent in the Missouri action. Furthermore, Paw Plunger, LLC, Pet Product Innovations' privy, admitted to infringing the '391 Patent. The effect of Pet Product Innovations' privy's admission binds it for the purposes of *res judicata*. *See Transclean Corp. v. Jiffy Luby Intern., Inc.*, 474 F.3d 1298, 1305 (Fed. Cir. 2007) (it is unnecessary to decide the issue of infringement because establishing privity between the parties "answers the question for us"). Any other outcome would allow Pet Product Innovations to relitigate its privy's earlier admission of infringement by continuing to manufacture and sell its infringing product in violation of the injunction. Such an outcome would be completely at odds with the doctrine of *res judicata*, which seeks to promote reliability and finality in the course of civil proceedings and conserve judicial time and energy. Allowing Pet Product Innovations to escape Paw Plunger, LLC's admission of infringement would also violate the doctrine of judicial estoppel which "prohibits a party from taking inconsistent positions in the same or related litigation" to "protect the integrity of the judicial process." *Id*. at 1307. For these reasons, the Order enjoining Pet Product Innovations from continuing to infringe the '391 Patent stands, and Pet Product Innovations' Motion to Alter or Amend on the grounds that the Court did not apply the *Tivo* analysis in deciding whether the injunction applies to Pet Product Innovations is rejected.

### III. Conclusion

Pet Product Innovations' Motion to Alter of Amend Judgment is granted in part and denied in part. Paw Wash did not move for summary judgment on Pet Product Innovations' third, fourth, and fifth claims for relief, and it was not the intention of this Court to grant summary judgment on claims for which Paw Wash did not move for judgment as a matter of law. Terminating the case was a clerical error which will be corrected, and Pet Product Innovations may proceed on its false advertising claims against Paw Wash in this Court. Therefore, Pet Product Innovations' Motion to Alter or Amend Judgment is granted on its argument that the Court should not have terminated its false advertising claims. Pet Product Innovations' argument that this Court should not have decided Paw Wash's motion for summary judgment while a later-filed motion to file a supplemental first amended complaint was pending is not grounds for reconsideration, and is moot because Paw Wash provided Pet Product Innovations with a covenant-not-to-sue thus eliminating any case or controversy between the parties and thereby divesting this Court of jurisdiction. Pet Product Innovations' argument based on the Federal Circuit's subsequent decision in *Aspex* is also not grounds to alter this Court's prior Order. *Aspex* does not provide a substantial and controlling change in the governing law concerning the issues submitted to this Court sufficient for the Court to reconsider its *res judicata* ruling. Paw Wash established that the Paw Plunger device at issue in the Missouri litigation was

the same as that in the present litigation, thus satisfying *Aspex*. Nor did the Court commit

an error of law in its *res judicata* analysis by failing to examine the structure and operation

of the two Paw Plunger devices to ensure that they are essentially the same. Paw Wash

proved that the Paw Plunger at issue in the Missouri case was the same Paw Plunger device

at issue here. Finally, the Court's failure to undertake the *Tivo* analysis is not a proper basis

to alter or amend this Court's prior judgment because Pet Product Innovations could and

should have presented that issue to the Court before it reached its judgment now under

reconsideration. Furthermore, *Tivo* does not apply to this case because this is not a

contempt proceeding and because the product at issue is not a design-around product.

Even if *Tivo's* two-part test did apply, Pet Product Innovations would still be bound by the

injunction entered by the District Court for the Western District of Missouri because the

product at issue in the prior suit was not more than colorably different from the product

at issue in the present suit and because Pet Product Innovations infringed Paw Wash's

patent, as evidenced by its privy's admission of infringement in the prior Missouri action.

For these reasons, the Court declines to reconsider its *res judicata* holding or its holding

with respect to the injunction's applicability to Pet Product Innovations. Thus, Pet Product

Innovations' Motion to Alter or Amend Judgment is granted with respect to the issue of

the Court granting judgment as a matter of law to Paw Wash on claims for which it did not

move for summary judgment and on the grounds that the Court inadvertently terminated

Pet Product Innovations' false advertising claims, which will be reinstated when the civil case is reopened.  All other requests to Alter or Amend Judgment are denied.


Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 25, 2012